## WILLIAM W. IVES
### v.
## ALICE HULCE.

1. BILL OF SALE—WHO MAY QUESTION VALIDITY.—Only those who are creditors at the time of the execution of a bill of sale can question its validity. Such transactions are only void as to prior and not as to subsequent creditors.

2. DELIVERY.—Considering the character of the property purchased, and the possession as taken by appellee, the court is of opinion that there was a sufficient delivery to make the sale good as against creditors and subsequent purchasers.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed January 22, 1884.

Messrs. HERRICK, LUCAS & SPENCER, for appellant; that all sales of chattels where the possession is permitted to remain with the vendor are fraudulent *per se*, and void as to creditors and subsequent purchasers unless the retaining of the possession be consistent with the deed, cited Thornton v. Davenport, 1 Scam. 297; Kitchell v. Bratton, 1 Scam. 300; Rhines v. Phelps, 3 Gilm. 455; Thompson v. Tech, 21 Ill. 73; Dexter v. Parkins, 22 Ill. 143; Lewis v. Swift, 54 Ill. 436; Teckner v. McClelland, 84 Ill. 471; Allen v. Carr, 85 Ill. 388; Razier v. Williams, 92 Ill. 189.

Mr. W. E. HUGHES, for appellee; cited Brown v. Riley, 22 Ill. 45; Wright v. Grover, 27 Ill. 426; Hart v. Wing, 44 Ill. 141; May v. Tallman, 20 Ill. 443; Straus v. Minzesheimer, 78 Ill. 492.

PER CURIAM. This was an action of replevin commenced before a justice of the peace by appellee against appellant, to recover possession of certain show cases and fixtures claimed by appellee as her property.

The property had been levied on by appellant, a constable, as the property of Margaret J. Fifield, under certain writs of attachment issued against her. The property not having been obtained under the writ of replevin, the suit was prosecuted under the statute, as an action of trover, and on appeal to the circuit court a judgment was obtained by appellee for $175, to reverse which appellant brings the case to this court.

For several years prior to the occurrences resulting in this litigation, Margaret J. Fifield had been engaged in the millinery business, and had in her employment in her store or shop her daughter Alice Hulce. On the 29th of November, 1881, she borrowed of her daughter $175, and executed to her an absolute bill of sale of the property in controversy, consisting of lockers, mirrors, tables, show cases, carpets, desk and fixtures of a millinery establishment. The mother and

Ives v. Hulce.

daughter continued in the occupation of the shop as before, and under an agreement made at the time of the sale the property purchased was rented to the mother to be used by her in carrying on her business at three dollars a month. Some of the articles purchased could have been removed, but other articles, such as the lockers, which were high show cases and built in the room, could not, without being torn in pieces.

On the evening of the execution of the bill of sale, appellee took the key of the store and afterward remained there working with and for her mother as one of the milliners. On the 20th of January, 1882, the property in question was levied on under writs of attachment issued against Margaret J. Fifield and afterward sold to satisfy the same. It is claimed by appellant that the possession of the property was permitted to remain with Mrs. Fifield, and therefore the sale was fraudulent *per se* and void as to creditors and subsequent purchasers.

We are not prepared to hold, considering the character of the property purchased and the possession as taken by appellee, that there was not a sufficient delivery to make the sale good as against creditors and subsequent purchasers. But if it be conceded that such delivery was not sufficient, still none but those who were creditors at the time of the execution of the bill of sale can question its validity. Such transactions are only void as to prior, and not as to subsequent creditors. Wooldridge v. Gage, 68 Ill. 159.

The fatal weakness of appellant's case is that the record fails to show that Gorton, Chapman & Co., or any others whose executions or attachments were in the hands of appellant, and were levied on the property in controversy on the 20th and 26th of January, 1882, were creditors of Margaret J. Fifield when she executed the bill of sale to appellee on the 29th of November, 1881.

The judgment must be affirmed.

Judgment affirmed.