Moore v. Montelius.

---

## JAMES C. MOORE
### v.
## JOHN A. MONTELIUS.

*Sales—Possession Retained by Vendor—Fraud—Exemptions.*

A sale with possession remaining with the vendor is not fraudulent as to his subsequent creditors.

[Opinion filed October 3, 1888.]

APPEAL from the Circuit Court of Ford County ; the Hon.
ALFRED SAMPLE, Judge, presiding.

Mr. ALEX. CLARK, for appellant.

Under the plaintiff's replication that the property replevied
was not that of B. F. Clark but his own, he would have to
prove by a preponderance of the evidence a right to the pos-
session of each animal awarded to him by the jury.    Atkins v.
Byrnes, 71 Ill. 329.

The same law governs the increase that governs the
mothers.    The owner of one is the owner of the other.
Blackstone Com., Book 2, Chap. 25, * 388.

That for the purposes of this execution the mothers were
Clark's property, see Lefever v. Mires, 81 Ill. 456 ; Thomp-
son v. Wilhite, 81 Ill. 356.    The last was a case very similar
to this.    Hogs were left with the owner and he was employed
to feed them.    That employment did not make him the agent
of the purchasers for the purpose of making his possession
the purchasers'.    So that admitting, which we do not, that
the agreement between Clark and Montelius changed the
former from a renter to a hired man, that would not avoid the
necessity of a change of possession to make the title to the
stock bought from Clark, or its increase, good in Montelius
against this execution creditor.

But assuming that a portion of the stock placed by Monte-
lius upon the premises occupied by Clark, or their increase,
were levied upon, what was the interest of Clark in them at
the time of such levy with reference to the execution creditor?
Had he not a special property in them as bailee, coupled with
an interest liable to execution?

In Weaver v. Darby, 42 Barbour, 411, B. was to furnish D.
money to buy 15,000 feet of oak timber in the woods.    It
was to be cut, hewn and rafted by D. and delivered at Troy,
and D. was to have for his compensation 10½ cents per cubic
foot of the proceeds ; held, B. had general property in the
timber but no right to possession thereof.    D. had a special

property accompanied by possession, and an interest liable to execution.

Messrs. COOK & MOFFETT, for appellee.

Creditors can not complain of any dealing with exempt property. Faurote v. Carr, 9 N. E. Rep. (Ind.) 350 ; Burdge v. Bolin and wife, 6 N. E. Rep. (Ind.) 140 ; Freehling v. Bresnahan, 28 N. W. Rep. (Mich.) 531; Gillespie v. Brown, 20 N. W. Rep. (Neb.) 632; Anderson v. Odell, 16 N.W. Rep. (Mich.) 870 ; Cole v. Green, 21 Ill. 104; Buckley v. Wheeler, 52 Mich. 1.

Where the possessor of exempt property sold it and it was levied on for his debt, held, that the purchaser might reclaim it from under the execution, but the vendor could not find title on which to rest a suit. The question must arise between the vendee and the creditors. Mandlove v. Burton, 1 Ind. 39.

It is beyond question that in March, 1884, when Clark sold his stock to Montelius, this execution creditor had no claim against him. The arrangement had been running from that time until 1885, before any of this debt was contracted.

If it be conceded that the delivery was not sufficient, still none but those who were creditors at the time of the sale can question its validity. The fatal weakness of appellant's case is that the record fails to show that he was a creditor of Clark in March, 1884, when this transfer was made. Ives v. Hulce, 14 Ill. App. 389, citing Wooldridge v. Gage, 68 Ill. 159.

PLEASANTS, J. One B. F. Clark having been tenant of appellee for two years, on March 1, 1884, they made an agreement in writing whereby appellee bought certain of his live stock then on the premises, and was to furnish more, with other things mentioned, and Clark was to take care of it and of the farm and " have for his services" one-half the proceeds of sales of their increase and product, all of which were to be made by or under the direction of appellee.

In December, 1886, appellant, a constable, under an execution issued by a justice of the peace against Clark, levied on and removed from the place twenty-one head of cattle, which appellee replevied and recovered by this action.

The only defense attempted to be set up by the evidence was justification under the writ. It was contended that the sale to appellee was void because possession of the property was left unchanged in Clark ; and that four of those replevied were calves of cattle included in that sale.

Several points are made on the rulings of the court below, among which was an instruction for the plaintiff to the effect that if, at the time of the sale, the property was exempt from execution against Clark, the sale could not be fraudulent as against his creditors.

While we are not to be understood as approving this instruction in its application, under the statute then in force, to property not specifically exempted and in respect to which no steps had been taken to exempt it, we affirm the judgment for the reason that the evidence fails to show the plaintiff in the execution was a creditor of Clark when the sale was made. It clearly indicates that the indebtedness all arose afterward. In the like case of Ives v. Hulce, 14 Ill. App. 389, this court decided that " such transactions are void only as to prior, and not as to subsequent creditors," citing Wooldridge v. Gage, 68 Ill. 159, in which other decisions of the Supreme Court to the same effect are referred to.

Some other questions are made in the argument, but none that interfere with the operation of this rule. We therefore deem it unnecessary to consider them.

*Judgment affirmed.*